**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

March 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CASEY COLLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0027** (BOR Appeal No. 2054470)
                (Claim No. 201801436)

**HAMPDEN COAL, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Casey Colley, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Hampden Coal, LLC, by Counsel Sean Harter, filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on December 18, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its July 29, 2019, Order. The Order was affirmed by the Board of Review on December 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Colley, a coal miner, injured his lower back and left shoulder in the course of his employment on December 15, 2017. Mr. Colley has a long history of issues with both his lumbar spine and left shoulder. A December 3, 2009, lumbar x-ray showed degenerative changes and mild loss of disc height at T12 and L1. The x-ray was performed for radiculopathy. On March 31, 2010, a left shoulder x-ray showed degenerative left acromioclavicular joint disease. Mr. Colley underwent a left shoulder MRI on April 19, 2010, which revealed subacromial/subdeltoid bursitis, moderate peratendinopathy in the infraspinatus and supraspinatus tendons, no evidence of full thickness tear, and cystic changes in the posterosuperior glenoid.

1

Mr. Colley was treated at Dickenson Medical Associates on April 15, 2015, for a history of bilateral shoulder pain, which had increased over the past two weeks in the left shoulder. He was diagnosed with rotator cuff tendinitis with pain radiating into the elbow. It was noted that there was a possibility of a small rotator cuff tear. A left shoulder MRI was performed on April 22, 2015, and showed no definite evidence of a rotator cuff tear but there was some edema, which was suspicious for a tear. There was evidence of a strain injury as well as evidence of a chronic labral tear.

Mr. Colley returned to Dickenson Medical Associates on April 29, 2015, and was diagnosed with rotator cuff tendinitis. He was prescribed physical therapy and a cortisone injection. An October 18, 2016, lumbar x-ray showed mild degenerative changes. On October 13, 2017, Mr. Colley was treated at Pikeville Medical Center for left shoulder pain that had been present for six months. He was diagnosed with left shoulder bursitis. It was opined that the majority of Mr. Colley's pain was due to rotator cuff tendinopathy and bursitis. On October 31, 2017, Dickenson Medical Associates indicated Mr. Colley's condition remained the same, and he continued to work. He was to be referred to orthopedics for shoulder pain.

Mr. Colley sustained the compensable injury on December 15, 2017. The Employees' and Physicians' Report of Injury indicated Mr. Colley injured his low back and left shoulder. On January 15, 2018, Roy Deel, M.D., from Dickenson Medical Associates, diagnosed lumbar radiculopathy and left shoulder pain. On January 18, 2018, a left shoulder MRI showed a partial thickness tear of the supraspinatus tendon, two small cysts on the inferior labrum, and degenerative changes of the posterior labrum. A labral tear could not be excluded. A lumbar MRI showed mild degenerative disc disease.

In a February 12, 2018, letter from the claims administrator, it was noted that Mr. Colley reported a work-related injury on December 15, 2017. Mr. Colley had returned to work that day after a disciplinary suspension from work. He was scheduled to meet with his supervisors before beginning his shift, but he failed to appear at the meeting. Mr. Colley instead began his shift. He alleged that he fell approximately two and a half hours into his shift, injuring his back and left shoulder/arm. There were no witnesses and Mr. Colley had not returned to work. The claims administrator noted that records from Dickenson Medical Associates indicate Mr. Colley had left shoulder issues prior to the December 15, 2017, injury. Mr. Colley had a prior MRI with similar pathologies and was referred to Dr. Varey for left shoulder pain in October of 2017. The claims administrator requested an independent medical evaluation.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on March 6, 2018, in which he noted that Mr. Colley denied preexisting low back pain, but records showed differently. Dr. Mukkamala found that Mr. Colley's complaints were the result of preexisting lumbar spondylosis, rotator cuff tendinosis, and glenohumeral joint arthrosis, which were unrelated to the December 15, 2017, incident. Dr. Mukkamala opined that there is no objective evidence to support Mr. Colley's assertion that he was injured that day. He also found extreme symptom magnification. Dr. Mukkamala stated that the mechanism of injury described by Mr. Colley would result in no more than sprains or contusions.

2

On November 2, 2018, the Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for lumbar sprain and left shoulder sprain. The claim was remanded to the claims administrator for determination of temporary total disability benefits. In a December 18, 2018, letter to the employer, the claims administrator stated that the Board of Review denied a request to stay temporary total disability benefits pending appeal of the November 2, 2018, decision. Temporary total disability benefits were granted from December 15, 2017, through March 6, 2018, the date that Dr. Mukkamala found Mr. Colley had reached maximum medical improvement. The claims administrator closed the claim for temporary total disability benefits on December 18, 2018.

In a February 26, 2019, letter, Dr. Deel stated that Mr. Colley suffered an injury at work that caused worsening of his back pain and resulted in new leg and shoulder pain. Mr. Colley remained unable to return to work. The Board of Review affirmed the November 2, 2018, Office of Judges' Order holding the claim compensable for lumbar and left shoulder sprains on March 22, 2019. On April 3, 2019, Dickenson Medical Associates referred Mr. Colley to Blue Ridge Ortho for left shoulder pain, low back pain, and lumbar radiculopathy.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits in its July 29, 2019, Order. The Office of Judges stated that the claim has been held compensable for lumbar sprain/strain and left shoulder sprain. Mr. Colley was granted temporary total disability benefits from December 15, 2017, through March 6, 2018, at which time Dr. Mukkamala found that he had reached maximum medical improvement for the compensable injuries. Dr. Mukkamala found in his March 6, 2018, evaluation that the mechanism of injury could have caused not more than sprain or contusion type injuries. The duration of care for a sprain is zero to four weeks, not to exceed eight weeks. The Office of Judges noted that Mr. Colley was seen by Dr. Deel prior to the compensable injury for back pain, and prior diagnostic imaging shows degenerative changes in the lumbar spine. Prior imaging also shows degenerative changes in the left shoulder. Mr. Colley was treated for left shoulder issues on October 13, 2017, approximately two months prior to the work injury. It was noted at that time that the shoulder pain had been present for six months. The Office of Judges concluded that Mr. Colley failed to show that he is entitled to greater temporary total disability benefits than he has already received. Dr. Deel's February 26, 2019, letter stating that Mr. Colley was unable to return to work was found to be unsupported by objective findings. The Office of Judges noted that Dr. Deel's request for referral to an orthopedic surgeon was not a legitimate basis to award temporary total disability benefits because surgery is not appropriate treatment for a sprain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates Mr. Colley's continued inability to work is not the result of his compensable lumbar and left shoulder sprains.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed

**ISSUED: March 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton